Citation Nr: 1505524 
Decision Date: 02/05/15 Archive Date: 02/18/15

DOCKET NO. 10-22 237 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) on an extraschedular basis.


REPRESENTATION

Appellant represented by: Robert V. Chisholm, Attorney


WITNESSES AT HEARING ON APPEAL

Appellant, his wife and VH


ATTORNEY FOR THE BOARD

D. Rogers, Associate Counsel 

INTRODUCTION

The Veteran served on active duty from August 1955 to July 1957. 

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from a June 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia, which in relevant part, denied the Veteran's claims for a disability rating in excess of 10 percent for service-connected degenerative joint disease of the left knee, and entitlement to a TDIU. Thereafter, the file was transferred to the RO in Jackson, Mississippi. 

The Veteran perfected an appeal as to his claim for increase for degenerative joint disease of the left knee. Although he did not appeal the denial of entitlement to a TDIU, in February 2014, the Board determined that correspondence received from the Veteran in March 2013 and report of a June 2013 VA examination had re-raised the issue of entitlement to a TDIU. The Board therefore concluded that consistent with the Court of Appeals for Veterans Claims (Court) holding in Rice v. Shinseki, 22 Vet. App. 447 (2009), the issue of entitlement to a TDIU was part of the pending claim for increase for degenerative joint disease of the left knee. 

In January 2012, the Veteran, his wife, and VH testified at a Videoconference hearing before the undersigned as to the claim for increase for degenerative joint disease of the left knee. A copy of the hearing transcript is of record. 

In February 2014, the Board, in relevant part, denied entitlement to a TDIU. In August 2014, the Court granted a joint motion for partial remand as to the issue of entitlement to a TDIU on an extraschedular basis and remanded the claim to the Board.

In December 2014, the Veteran's attorney submitted additional evidence with a waiver of initial RO consideration. See 38 C.F.R. § 20.1304 (2014).

In evaluating this case, the Board has not only reviewed the Veteran's physical claims file, but has also reviewed his electronic file on the Virtual VA and VBMS systems to ensure a complete assessment of the evidence. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran contends that he retired from his usual occupation as a truck driver in 1991 due to service-connected left knee disabilities, which he claims have prevented him from securing or following a substantially gainful occupation since 2001. 

Service connection is currently in effect for laxity of the left knee secondary to laceration and sensory nerve impairment rated as 30 percent disabling; degenerative changes of the left knee rated as 10 percent disabling; and painful scar of the left knee with decreased sensation secondary to laceration rated as 10 percent disabling. His combined disability rating throughout the claim is 40 percent. 

TDIU will be awarded when a veteran is unable to secure or follow a substantially gainful occupation as a result of a service-connected disability or disabilities. 38 C.F.R. § 4.16(a) (2014). "[T]he central inquiry in determining whether a veteran is entitled to TDIU is whether the veteran's service-connected disabilities alone are of sufficient severity to produce unemployability." Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). Where, as here, the Veteran's service-connected disabilities do not meet the numeric evaluation requirements for TDIU set forth in § 4.16(a), TDIU may be considered on an extraschedular basis. 38 C.F.R. § 4.16(b). Although entitlement to extraschedular TDIU is determined in the first instance by VA's Compensation Service Director, the RO and the Board are tasked with making the threshold determination that referral to the Director for extraschedular consideration is appropriate. Id.; see Bowling v. Principi, 15 Vet. App. 1, 10 (2001). That threshold determination must be supported with "a full statement as to the veteran's service-connected disabilities, employment history, educational and vocational attainment and all other factors having a bearing on the issue." 38 C.F.R. § 4.16(b).

In this case, the Veteran has an 8th grade education and an occupational history as a heavy truck driver. 

In September 2005, a physician's statement for VA Aid and Attendance benefits indicated that such were requested due to diagnoses of moderate non-insulin dependent diabetes mellitus, severe coronary artery disease, severe degenerative joint disease, and moderate peripheral vascular disease. The Veteran used a cane, walker, and wheelchair for assistance with ambulation. Functionally he was reportedly unable to walk, get around, dress, bathe, toilet, or protect himself from hazards of life without assistance. 

On VA examination in January 2009, the Veteran reported that he had last worked many years prior as a welder and heavy equipment operator. He reported knee pain with climbing on/off machinery; however, the examiner stated that his primary problem appeared to be related to COPD and coronary artery disease with history of triple bypass surgery and placement of four stents. The examiner found that the Veteran's dependence on others for assistance with his daily activities was due to a combination of his cardiopulmonary, back and knee problems. The examiner opined that the prospect of the Veteran obtaining and maintaining gainful employment was essentially zero. In an April 2009 addendum, the examiner acknowledged that the Veteran was wheelchair bound due to multiple comorbid conditions, including his service-connected left knee disabilities. He reiterated that the prospects of the Veteran obtaining and maintaining substantially gainful employment were essentially zero. 

On VA examination in June 2013, the examiner stated that functionally, the Veteran's service-connected left knee conditions impacted his ability to work in that he was confined to a power wheelchair due to a combination of his service-connected left knee disabilities and non service-connected back and comorbid medical problems. 

Following a December 2014 private vocational assessment and review of the claims file, Dr. CKW, Ph.D., C.R.C., C.D.M.S., opined that based on the severity of the Veteran's service-connected disabilities and side effects of medication taken for treatment of service-connected disabilities, the Veteran has been unable to follow substantially gainful employment since at least 1991 when he was forced to stop working due to pain associated with his service-connected left knee disabilities. 

The ultimate question of whether a Veteran is capable of substantial gainful employment is not a medical one; that determination is for the adjudicator. See Geig v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013); Flores v. Shinseki, 26 Vet. App. 376, 381 (2013). As such, the focus of the examiner is not on whether the Veteran is unemployable due to his service connected disabilities, but the functional impairment caused solely by his service-connected disabilities. VBA Fast Letter 13-13 (June 17, 2013). In this case, the medical evidence of record is conflicting as to whether the Veteran is unemployable by reason of solely his service-connected disabilities. Accordingly, the Board finds that the Veteran must be afforded an additional VA examination to determine nature and impact that his service-connected disabilities have on his ability to secure or follow a substantially gainful occupation.

Moreover, in light of the evidence recently received, the Board concludes that referral of the case for extraschedular consideration is warranted. When the percentage requirements are not met, as in this case, entitlement to a total rating, on an extra-schedular basis, may nonetheless be granted, in exceptional cases, when the Veteran is unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities. See 38 C.F.R. §§ 3.321(b), 4.16(b). Rating boards should submit to the Director, Compensation and Pension Services, for extraschedular consideration all cases of veterans who are unemployable by reason of service-connected disabilities but who fail to meet the percentage standards set forth in 38 C.F.R. § 4.16(a). See 38 C.F.R. § 4.16(b).

Accordingly, the case is REMANDED for the following action: 

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Physically or electronically associate any pertinent and outstanding VA medical records with the record. If no additional records are available, include documentation of the unavailability in the claims file. All records requests and responses received must be documented in the claims file.

2. Once the above requested development is complete to the extent possible, schedule the Veteran for an appropriate VA examination to determine the effects of his service-connected left knee laxity, degenerative joint disease, and painful scar with decreased sensation on his ability to follow a substantially gainful occupation consistent with his 8th grade education and occupational experience. The claims folder must be made available to the examiner for review in conjunction with the examination. All necessary special studies or tests are to be accomplished. 

The examiner should elicit from the Veteran and record for clinical purposes a full work and educational history. Following examination of the Veteran and review of the claims file, the examiner is requested to discuss any impact of the Veteran's service-connected disabilities on his ability to follow a substantially gainful occupation, taking into consideration his level of education, special training, and previous work experience, but not his age or any impairment caused by non service-connected disabilities. The examiner should attempt to reconcile any conflicting evidence of record to the extent possible in that regard.

If the examiner determines that the Veteran's service-connected disabilities do not cumulatively render him unemployable, the examiner should suggest the type or types of employment in which the Veteran would be capable of engaging with his current service-connected disabilities, given his current skill set and educational background.

All opinions expressed should be accompanied by supporting rationale. If the examiner feels that any opinion requested cannot be rendered without resorting to speculation, the examiner should state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e. additional facts are required, or the examiner does not have the needed knowledge or training). 

3. Then, refer the case to the Director, Compensation Service, for extraschedular consideration on a single or combined disability basis; that threshold determination must be supported with a full statement as to the Veteran's service-connected disabilities, employment history, educational and vocational attainment and all other factors having a bearing on the issue in accordance with 38 C.F.R. § 4.16(b).

4. Then readjudicate the issue of entitlement to a TDIU on an extraschedular basis under 38 C.F.R. § 4.16(b). If the benefit sought on appeal is not granted, he and his attorney should be furnished a SSOC and given the requisite opportunity to respond before the case is returned to the Board for further appellate consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).