Citation Nr: 1448542 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 04-25 925 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New Orleans, Louisiana


THE ISSUE

Entitlement to a total disability rating based on individual unemployability (TDIU). 


REPRESENTATION

Veteran represented by: Disabled American Veterans 


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

J. Honan, Associate Counsel


INTRODUCTION

The Veteran served on active duty from January 1965 to November 1967.

This matter is before the Board of Veterans' Appeals (Board) on appeal of an April 2005 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in New Orleans, Louisiana. 

In April 2011, the Veteran appeared at a hearing before the undersigned Veterans Law Judge (VLJ). A transcript of the hearing is of record. 

In a March 2013 decision, the Board, in pertinent part, denied the Veteran's TDIU claim. The Veteran appealed to the United States Court of Appeals for Veterans Claims (Court). In July 2014, the Court issued a Memorandum Decision that vacated the portion of the Board's March 2013 decision that denied entitlement to TDIU, and remanded the matter to the Board for readjudication consistent with the July 2014 decision. 

The record reflects that DAV is the Veteran's current representative before the Board, as a valid power of attorney in their favor is of record, and they submitted the most recent appellate brief in October 2014. 


FINDING OF FACT

During the appeal period, the Veteran was precluded from substantial and gainful employment due to his service-connected disabilities.


CONCLUSION OF LAW

The criteria for TDIU have been met. 38 U.S.C.A. § 1155 (West 2002); 38 C.F.R. § 4.16(a) (2013).


REASONS AND BASES FOR FINDING AND CONCLUSION

In this decision, the Board grants entitlement to TDIU, which represents a complete grant of the benefit sought on appeal. As such, no discussion of VA's duties to notify and assist is necessary. 

Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more such disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). 

During the appeal period, the Veteran's service-connected disabilities included a 50 percent rating for posttraumatic stress disorder (PTSD), a 20 percent rating for diabetes mellitus, a 30 percent rating for peripheral neuropathy of the right upper extremity, a 20 percent rating for peripheral neuropathy of the right lower extremity, a 20 percent rating for peripheral neuropathy of the left upper extremity, and a 20 percent rating for peripheral neuropathy of the left lower extremity. As such, the Veteran has a combined disability rating of 90 percent, which satisfies the criteria for consideration of TDIU on a schedular basis.

VA will grant a total rating for compensation purposes based on unemployability when the evidence shows that the veteran is precluded, by reason of his service-connected disabilities, from obtaining and maintaining any form of gainful employment consistent with his education and occupational experience. 38 C.F.R. §§ 3.340, 3.341, 4.16. Consideration may be given to a veteran's level of education, special training, and previous work experience, but not to his age or the impairment caused by nonservice-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19. Unlike the regular disability rating schedule which is based on the average work-related impairment caused by a disability, "entitlement to a TDIU is based on an individual's particular circumstances." Rice v. Shinseki, 22 Vet. App. 447, 452 (2009).

The ultimate question of whether a Veteran is capable of substantial gainful employment is an adjudicatory determination, not a medical one. See Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013) ("[A]pplicable regulations place responsibility for the ultimate TDIU determination on the VA, not a medical examiner").

The Veteran contends that his service-connected disabilities have rendered him unemployable. 

According to a September 2011 VA PTSD examination report, the Veteran reported that he had completed education through the 12th grade, and that he joined the U.S. Army in 1965 at the age of 19. After completing three years of service, he worked as a machine operator at a paper mill for approximately 30 years, until 1997. He reported that he stopped working in 1997 due to a medical illness for which he was hospitalized, and shortly thereafter learned that he was diabetic. The Veteran felt he was in too poor health to continue working after that time. The examiner, a psychologist, only provided an opinion as to employability from the standpoint of the Veteran's psychiatric symptoms, and she specifically stated that evaluation of occupational impairment related to physical disabilities was outside the scope of her expertise. She opined that the Veteran's psychiatric symptoms did not prevent him from obtaining or maintaining gainful employment. Her rationale was that the Veteran had been gainfully employed for 30 years and had reported that he stopped working due to physical health problems, and that he did not cite any PTSD symptoms as a reason for his termination of employment.

In October 2011, the Veteran was provided a VA examination to address his diabetes mellitus and peripheral neuropathy of all four extremities. In the portion of the examination report that addressed the Veteran's diabetes mellitus, the examiner opined that the Veteran would be unable to drive or operate any type of heavy equipment. He also opined that the Veteran's diabetes would not prevent the Veteran from doing sedentary work at a desk job, and he noted that his opinion only encompassed analysis of the Veteran's service-connected diabetes. In the portion of the examination report that addressed the Veteran's peripheral neuropathy, the examiner opined that this specific condition would prevent the Veteran from doing any type of job that required prolonged standing or heavy lifting, but would not prevent him from doing sedentary work at a desk job.

Although the Veteran reported that he stopped working in 1997 due to a hospitalization for nonservice-connected physical health problems, he also reported that he first learned he had diabetes shortly thereafter, and he is service-connected for this disability. Moreover, a TDIU analysis focuses on whether the current symptomatology of the service-connected disabilities would preclude employment at present, and not on what role they made have played prior to the appellate period when the Veteran originally stopped working. As such, the September 2011 VA examiner's reliance on the Veteran's prior history of employment and the reasons for his cessation of employment in 1997 does not provide a solid foundation for an opinion as to his current employability, or lack thereof. 

Although the VA examiners ultimately concluded that the Veteran was capable of some limited form of sedentary employment, each of the three opinions only took into account one of the Veteran's service-connected disabilities. None of the opinions considered the combined impact of the Veteran's multiple service-connected disabilities. Because the ultimate question as to whether TDIU is warranted is an adjudicatory determination and not a medical one, the Board is able to amalgamate the piecemeal VA opinions and to complete its analysis based on the evidence of record and without further need for additional medical opinions.

Unlike the analysis for increased rating claims, which are based on average levels of impairment, the analysis for a TDIU claim is based upon the individual. Consideration may be given to a Veteran's level of education, special training, and previous work experience, but not to his age or the impairment caused by nonservice-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19. In this case, the Veteran has a 12th grade education, and after serving in the military he proceeded to work as a machine operator for a paper mill for 30 years, until 1997.

While the VA opinions from the diabetes mellitus and peripheral neuropathy examination reports stated that these conditions would not preclude the Veteran from sedentary employment, they also found that the Veteran would not be able to drive, operate machinery, do any heavy lifting, or stand for prolonged periods. The Veteran's sole job that he held for 30 years appears to have required, by its nature, the very tasks that the VA examiner stated were no longer possible for the Veteran to perform. Indeed, a private doctor's note from 1997 referenced that the Veteran's job at the paper mill required "a tremendous amount of walking, climbing and standing and loading of heavy equipment." It would be unreasonable to expect that the Veteran would be able to obtain sedentary employment at a desk job given his specific employment history and education level. It appears that the October 2011 VA examiner who provided the above-referenced opinions did not include any discussion or notation of the Veteran's education level and employment history in his examination reports, which might explain the incongruence between these opinions and the pertinent history in this case. 

In conclusion, the Veteran's service-connected disabilities currently result in a combined rating of 90 percent, and the Board finds that he is unable to obtain and maintain gainful employment as a result of these disabilities. As such, the assignment of a schedular TDIU is warranted.


ORDER

Entitlement to a total disability rating based on individual unemployability is granted. 



____________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs