GREENBERG, Judge,
dissenting in part:
I write separately because although I concur with the majority’s position in section II.A, I dissent from the majority’s treatment of TDIU. Relying on a medical expert’s opinion on the ultimate question *296 of unemployability, as the Board did here, is nothing more than an abdication of VA’s responsibility, or at least an impermissible delegation of its authority.[9]
Although TDIU is based on a veteran’s service-connected disabilities, the unem-ployability determination is not purely a medical question. 38 C.F.R. § 4.16. Rather, in determining whether a veteran is unemployable, the Board must consider certain nonmédical facts that fall outside a medical professional’s medical expertise, such as the poverty line and the veteran’s educational and occupational history. See 38 C.F.R. § 4.16(a); see also, e.g., Beaty v. Brown, 6 Vet.App. 532, 537, 538 (1994) (distinguishing between educational or occupational history and medical evidence). The role of medical expertise is limited to providing “description of the effects of disability upon the person’s ordinary activity.’ ” Floore v. Shinseki, 26 Vet.App. 376, 381 (2013) (quoting 38 C.F.R. § 4.10 (2013)).
As the Court recently explained,
it is the rating official who is responsible for “interpreting] reports of examination in the light of the whole recorded history, reconciling the various reports into a consistent picture so that the current rating may accurately reflect the elements of disability present.” More specifically, TDIU is to be awarded based on the “judgment of the rating agency ” that the veteran is “unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities.”
Id. (emphasis added) (citations omitted). Therefore, when asked for an opinion in connection with the matter of TDIU, the medical expert’s task is to diagnose and opine as to medical causation; VA is charged with finding facts and applying the appropriate legal standards, including using its judgment to determine whether the § 4.16 standard has been met, and may not delegate this duty. Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed.Cir.2013) (“[A]pplicable regulations place responsibility for the ultimate TDIU determination on the VA, not a medical examiner.” (citation omitted)).
Here, the Board impermissibly delegated to medical examiners its responsibility to determine whether the appellant was employable, specifically by employing medical examiners’ opinions regarding the ultimate question of employability without exercising any independent judgement. See 38 C.F.R. § 4.16. For example, in finding the appellant employable, the Board relied on a January 2001 statement by a VA examiner that “the Veteran would be eligible for many other jobs.” R. at 23. When discussing a September 2008 medical opinion, the Board found it relevant that the medical expert was informed of the appellant’s employment history; that medical expert “concluded that the Veteran did not have any medical issue that would preclude him from a substantially gainful employment,” which the Board found “highly probative evidence against this claim.” R. at 24-25. Additionally, the Board noted that a May 2012 “examiner concluded that the Veteran would not be precluded from all types of substantially gainful employment.” R. at 25. The Board found that “there is no question that the examiner is of the opinion that the Veteran was not [unemployable because of] his service connected disabilities, which is the deciding question in this case.” R. at 25.[10] These *297 examples show the Board improperly adopting the rationale of medical opinions that go beyond mere “description” of the .effects of the appellant’s disabilities. See Floore, 26 Vet.App. at 381. Rather than provide any independent analysis explaining its employability determination, the Board concluded that “the medical, professionals who have specifically reviewed the issue of whether the Veteran’s service connected disabilities alone preclude him from substantially gainful employment have unanimously concluded that he is not precluded from performing the physical and mental acts required by employment by his [service-connected] disabilities.” R. at 26.
The Board thus impermissibly delegated its unemployability determination, relying solely on others’ opinions. For this reason, I would remand the matter for the Board to appropriately adjudicate the claim, including further development of the claim as necessary.

. This aspect of § 4.16 was not addressed in the parties' initial briefs and was the subject of neither the Court’s referral for en banc consideration nor its order for supplemental briefing.

. By contrast, the Board dismissed as non-probative medical opinions from February, *297 April, and June 2001 in which the doctors, respectively, “provide[d] a list of job limitations, but ... did not specifically assert that the Veteran was unemployable as a result of them”; did "not show that the Veteran’s knee disabilities alone render him unemployable”; and did not "find the Veteran’s service-connected knee disabilities precluded employment.” R. at 23-24. The Board, in error, did not explain why the doctors’ failures to opine on the appellant’s unemployability makes them less probative. See Floore, 26 Vet.App. at 381 ("medical examiners are responsible for providing a ‘full description of the effects of disability upon the person’s ordi-naty activity,’ but it is the rating official who is responsible for” making the unemployability determination). The Board thus improperly excluded medical findings from examinations because they did not include an opinion on the ultimate question.