﻿Citation Nr: AXXXXXXXX
Decision Date: 06/27/19 Archive Date: 06/27/19

DOCKET NO. 190610-7419
DATE: June 27, 2019

ORDER

Entitlement to a total rating based on individual unemployability (TDIU) on an extraschedular basis due to the service-connected left knee joint osteoarthritis is denied. 

FINDING OF FACT

The preponderance of evidence is against finding that the Veteran’s service-connected left knee joint osteoarthritis results in total unemployability. 

CONCLUSION OF LAW

The criteria for TDIU have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. § 4.16.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran filed a claim for TDIU in January 2019. He contends that he is unable to work due to his left leg, left hip, right side of neck, shoulder, back, and arm. See January 2019 VA Form 21-8940 (Veterans Application for Increased Compensation Based on Unemployability).

In the February 2019 AMA rating decision, the Agency of Original Jurisdiction (AOJ) denied TDIU on an extraschedular basis and found that referral to the Director of the VA Compensation Service was not appropriate. There were no favorable findings issued by the AOJ. See 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104(c)). The representative filed an NOD requesting Direct Review by the Board. Therefore, the period the Board is reviewing ends at the time of the February 2019 AMA rating decision.

When any impairment of mind or body sufficiently renders it impossible for the average person to follow a substantially gainful occupation, that impairment will be found to be causing total disability. 38 C.F.R. § 3.340. If the total rating is based on a disability or combination of disabilities for which the Schedule for Rating Disabilities provides an evaluation of less than 100 percent, it must be determined that the service-connected disabilities are sufficient to produce unemployability. 38 C.F.R. § 3.341. In evaluating total disability, full consideration must be given to unusual physical or mental effects in individual cases, to peculiar effects of occupational activities, to defects in physical or mental endowment preventing the usual amount of success in overcoming the handicap of disability and to the effects of combinations of disability. 38 C.F.R. § 4.15.

TDIU may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more disabilities, provided at least one disability is ratable at 40 percent or more and there is an additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 3.340, 3.341, 4.16(a). 

At the time of this decision, the Veteran is service-connected for left knee joint osteoarthritis, which is rated as 10 percent disabling. At this time, the Veteran is not service connected for any disabilities of the leg, hip, neck, shoulder, back, or arm. VA regulations disallow consideration of non-service connected disabilities in determining whether a grant of TDIU is appropriate. See 38 C.F.R. §§ 3.341, 4.16, 4.19.

Accordingly, the Veteran’s service-connected left knee disability does not meet the schedular criteria set forth in 38 C.F.R. § 4.16(a) at any time during the pendency of this appeal and the schedular criteria have not been satisfied. When the required percentage requirements are not met, but the Veteran is unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities, the Director of the VA Compensation Service should consider whether a TDIU may be awarded on an extraschedular basis. 38 C.F.R. § 4.16(b).

In determining employability for VA purposes, consideration is given to the level of education, special training, and work experience. 38 C.F.R. § 3.341, 4.16(a), 4.19; Faust v. West, 13 Vet. App. 342 (2000). The question is whether the Veteran is capable of performing the physical and mental acts required by employment. Van Hoose v. Brown, 4 Vet. App. 361 (1993); 38 C.F.R. § 4.1, 4.15, 4.16(a). Importantly, age or impairments caused by nonservice-connected disabilities cannot be considered in determining whether a total disability rating is warranted. See 38 C.F.R. §§ 3.341, 4.16, 4.19.

Under the facts of this case, the Board finds referral is not warranted. When considering entitlement to TDIU, the record must demonstrate some factor that takes the Veteran’s situation outside the norm since the VA Rating Schedule already is designed to take into consideration impairment that renders it difficult to obtain and keep employment. See Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993). Here, the evidence preponderates against the Veteran’s left knee disability resulting in total unemployability. 

The Veteran reported that he had one year of college. See January 2019 VA Form 21-8940. The evidence of record indicates that the Veteran was last employed as a master electrician. 

The ultimate question of whether a veteran is capable of substantially gainful employment is not a medical one; that determination is for the adjudicator. Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013). 

In furtherance of this claim, the Veteran submitted a January 2019 letter from his former employer indicating that the Veteran had worked full time as a master electrician, during which he was required to frequently crawl, climb ladders, work with objects overhead, stand more than 10 hours at a time, and carry loads in excess of 50 pounds. However, the employer further provided that the Veteran was unable to return to work after he was seen at the VA and underwent a surgical procedure on his neck. The employer stated that after the surgical procedure, the Veteran was not able to perform any of the duties normally associated with his work. The employer also suggested that pain in the Veteran’s shoulders was preventing him from returning to work.

The Board finds this letter preponderates against finding that the Veteran’s left knee disability was productive of unemployability. Rather, this letter indicates that residuals from the April 29, 2016 right carotid endarterectomy resulted in the Veteran being unable to continue his work with the employer as a master electrician. In particular, this letter indicates that issues with the Veteran’s shoulders, not his left knee, were resulting in the Veteran’s inability to perform the occupational functions associated with his job. The Board finds that the evidence of record weighs against a finding that the Veteran’s current unemployment was due to the service-connected left knee disability. The January 2019 employer letter suggests that other non-service-connected disabilities precluded the Veteran from returning to his prior job as a master electrician. The Board emphasizes that VA regulations disallow consideration of non-service connected disabilities in determining whether a grant of TDIU is appropriate. See 38 C.F.R. §§ 3.341, 4.16, 4.19. Thus, the Board’s task in this adjudication is to focus only on the occupational impairment of the service-connected left knee disability, which is the only condition for which the Veteran is service-connected for.

Consideration has been given to the Veteran’s prior education, training, and work experience. See 38 C.F.R. §§ 3.341, 4.16, 4.19. Here, evidence from the date of claim to the adverse rating decision does not support that the Veteran’s service-connected left knee disability resulted in unemployability or precluded all forms of employment. Considering the evidence of record during the appellate period, it preponderates against that the service-connected disability precludes substantially gainful employment.

The Board acknowledges that the Veteran is currently unemployed, however, the mere fact that a Veteran is unemployed, underemployed, or has difficulty obtaining employment is not enough to warrant a grant of TDIU. Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993). The determination as to whether TDIU is appropriate must be based on all reasonably available sources of employment under the circumstances. See Ferraro v. Derwinski, 1 Vet. App. 326, 331-32 (1991). 

In weighing the evidence of record, the Board finds the January 2019 employer letter does not indicate that the Veteran was precluded from employment as an electrician due to his left knee disability. Thus, the record does not indicate that the Veteran has been unable to obtain or maintain substantially gainful employment due to his service-connected disability. 

The Board has considered the Veteran’s assertions that he is unable to work. However, the Veteran does not possess expertise in medical or vocational matters and, thus, cannot competently opine on the question of whether his left knee disability actually rendered him unemployable during the period in question. 

The Veteran has been compensated for the symptomatology associated with his service-connected left knee disability by the assigned schedular rating during the appeal period. Thus, impairment of industrial capacity due to service-connected disability has already been taken into consideration via the disability rating assigned. The Board emphasizes that the rating schedule is intended to compensate, as far as can practicably be determined, the average impairment of earning capacity resulting from such diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. 

Based on the facts surrounding his unemployability, the Board finds that the evidence does not reveal factors outside the norm resulting in unemployability due to the Veteran’s service-connected left knee disability, but rather the evidence suggests that the Veteran was unable to return to work due to a compilation of non-service connected disorders. As such, the appeal will not be referred for further extraschedular consideration and the claim must be denied. See 38 U.S.C. § 5107(b); 38 C.F.R. § 4.3.

 

Nathaniel J. Doan

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. Dellarco

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.