﻿Citation Nr: AXXXXXXXX
Decision Date: 08/22/19 Archive Date: 08/22/19

DOCKET NO. 181126-1135
DATE: August 22, 2019

ORDER

Entitlement to a total rating based upon individual unemployability (TDIU) due to service-connected disabilities is granted.

FINDING OF FACT

The Veteran’s service-connected disabilities, in aggregate, preclude him from securing or following substantially gainful employment.

CONCLUSION OF LAW

The criteria for a TDIU have been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.102, 3.340, 3.341, 4.16 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty from November 1951 to September 1954. 

The issues come before the Board of Veterans’ Appeals (Board) on appeal from a June 2018 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran selected the Higher-Level Review lane when she submitted the RAMP election form in June 2018. Accordingly, the October 2018 RAMP rating decision considered the evidence of record, as of the date of the RAMP election. The Veteran timely appealed this RAMP rating decision to the Board and requested a direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

In July 2019, the Veteran testified at a video conference hearing before the undersigned Veterans Law Judge (VLJ). 

This appeal has been advanced on the Board’s docket pursuant to 38 U.S.C. § 7107 (a)(2) (2012); 38 C.F.R. § 20.900 (c) (2018).

Entitlement to a total rating based upon individual unemployability (TDIU) due to service-connected disabilities is granted.

The Veteran contends that his service-connected disabilities prevent him from engaging in substantially gainful employment. 

Total disability is considered to exist when there is any impairment which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340 (a)(1) (2018). A total disability rating for compensation purposes may be assigned based on individual unemployability: that is when the disabled person is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. If there is only one service-connected disability, it must be rated 60 percent or more. If there are two or more service-connected disabilities, at least one disability must be rated 40 percent or more, and sufficient additional disability must bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16 (a) (2018). 

Individual unemployability must be determined without regard to any nonservice-connected disabilities or the Veteran’s advancing age. 38 C.F.R. § 3.341 (a), 4.19 (2018); Van Hoose v. Brown, 4 Vet. App. 361 (1993). When the Board conducts a TDIU analysis, it must consider the Veteran’s education, training, and work history. Pederson v. McDonald, 27 Vet. App. 276 (2015).

Disabilities resulting from a common etiology, accident, or multiple injuries incurred in action, may be considered as one single disability for the purposes of establishing whether the criteria in 38 C.F.R. § 4.16 (a) are met. VA has interpreted the schedular requirements in 38 C.F.R. § 4.16 (a) to mean that a combined 70 percent rating is only required if no single disability rating is rated as 60 percent disabling. Here, the Veteran service-connected group XI muscles of the right foot, was rated at 30 percent disabling from May 28, 2015; bilateral hearing loss at 30 percent disabling from March 30, 2017; scars, posterior aspect of the left leg, at 10 percent disabling from October 01, 1954; multiple scars right arm, left lumbar area, at 10 percent from May 28, 2015; tinnitus, at 10 percent disabling from March 30, 2017; and osteomyelitis, right tibia at 10 percent disabling from October 01, 1959. The criteria for consideration of a schedular TDIU are met as of March 30, 2017. 

In February 2018, the Veteran provided Form 21-8940, Veteran’s Application for Increased Compensation Based on Unemployability. He indicated therein, that his bilateral hearing loss and his injury affecting propulsion prevent him from securing or following any substantially gainful employment, and that he had not been under a doctor’s care/hospitalized within the past 12 months for the said disorders. 

The Veteran also indicated that his disabilities affected full-time employment, starting in May 1993, and he last worked full-time in July 1994, for the Sears Holding Corporation, doing office work. Further, he had not tried to obtain employment since he became too disabled to work. He had a complete high school education but did not have any other education or training before he became too disabled to work or since becoming too disabled to work.

The Veteran, during his July 2019 hearing testimony indicated that he worked as a control buyer, wherein he had to communicate with the public constantly and his hearing loss disability got in the way. He had to get a special phone.

During a VA scars examination, dated in March 2016, the examiner noted that the Veteran’s scars impacted his ability to work. The scars and the associated symptoms impair his daily activities. Additionally, he is forced to endure the “stop and stare” by strangers, and the questioning about his scars, which can be bothersome.

During his July 2017 VA hearing loss examination, the Veteran reported that “[e]ven with [his] hearing aids, words sound slurred and unclear… and [he is] only able to understand about every three words in a conversation.”

During a March 2018 muscle injuries examination, the examiner concluded that the Veteran’s injury affecting propulsion (group XI muscles) of the foot affected his ability to do other than sedimentary or desk-type work.

While the March 2016 and March 2018 VA examiners addressed the impact of the Veteran’s XI muscles injury and the effect of his scars on his ability to work, the record does not show an opinion as to whether the Veteran’s other service-connected disabilities in aggregate, precluded substantially gainful employment. Moreover, while the March 2018 examiner found that the Veteran could do “sedentary or desk-type work,” he did not address what types of jobs are included in “sedentary desk-type work.” Per Dorland’s Illustrated Medical Dictionary, 1687 (32nd ed. 2012), “sedentary” is defined as “sitting habitually; of inactive habits;” “Pertaining to a sitting posture.” The Court has recently held that because VA does not define “sedentary employment” in its regulations for a TDIU, the Board must determine the meaning on a case-by-case basis. Withers v. Wilkie, 30 Vet. App. 139, (2018). 

Upon a review of the evidence of record, including the competent and credible lay statements provided by the Veteran, and the March 2016 and March 2018 VA examinations, the Board finds that his service-connected disabilities, collectively, preclude substantially gainful employment.

The ultimate responsibility for a TDIU determination is a factual rather than a medical question and is an adjudicative determination made by the Board or the AOJ. Geib v. Shinseki, 733 F.3d 1350 (Fed. Cir. 2013). Reviewing the totality of the evidence, however, including the Veteran’s current medical findings detailing the severity of his service-connected scars and muscle injury to the foot, the competent and credible lay assertions of unemployability due to limitations caused by the service-connected disabilities, and the cumulative objective evidence of record, the Board finds that the Veteran’s service-connected disabilities, in aggregate, coupled with his education, likely preclude him from securing and following any substantially gainful employment (either physical or sedentary). 

Accordingly, resolving all doubt in the Veteran’s favor, the Board finds that entitlement to TDIU is warranted. 38 U.S.C. § 5107 (b); 38 C.F.R. §§ 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

D. Martz Ames

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board N. Stevens, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.