﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200715-107269
DATE: December 31, 2020

ORDER

Entitlement to an effective date of January 29, 2018, for the assignment of a total disability rating based on individual unemployability (TDIU), is granted. 

FINDINGS OF FACT

1. The Veteran has been in receipt of a TDIU since March 24, 2020. 

2. Service-connected disability has prevented the Veteran from securing and following a substantially gainful occupation since January 29, 2018. 

CONCLUSION OF LAW

The criteria for the assignment of a TDIU from January 29, 2018 are met. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.15-16.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from March 1966 to February 1968.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal of an April 2020 rating decision by a U.S. Department of Veterans Affairs (VA) Regional Office (RO), which granted entitlement to a TDIU effective March 24, 2020. In an August 2020 notice of disagreement, the Veteran contested the assigned effective date and requested Board review of the decision, pursuant to the Appeals Modernization Act (AMA). The AMA provides a new framework for review of adverse decisions.

TDIU

The Veteran has been in receipt of a TDIU since March 24, 2020. He claims entitlement to a TDIU since the date of his claim for a TDIU on January 29, 2018. 

 Law and regulations

It is the established policy of VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disability shall be rated totally disabled. 38 C.F.R. § 4.16. A finding of total disability is appropriate “when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation.” 38 C.F.R. §§ 3.340 (a)(1), 4.15.

Total disability ratings for compensation may be assigned where the schedular rating is less than total when the Veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disability, provided that if there is only one such disability, such disability shall be ratable as 60 percent or more and if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16 (a).

For the above purpose of one 60 percent disability, or one 40 percent disability in combination, the following will be considered as one disability: (1) Disabilities of one or both upper extremities, or of one or both lower extremities, including the bilateral factor, if applicable, (2) disabilities resulting from common etiology or a single accident, (3) disabilities affecting a single body system, e.g. orthopedic, digestive, respiratory, cardiovascular-renal, neuropsychiatric, (4) multiple injuries incurred in action, or (5) multiple disabilities incurred as a prisoner of war. 38 C.F.R. § 4.16 (a). 

The sole fact that a Veteran is unemployed or has difficulty obtaining employment is not enough to substantiate a TDIU claim. A high rating in itself is recognition that the impairment makes it difficult to obtain or keep employment. The ultimate question is whether the Veteran, because of service-connected disability, is incapable of performing the physical and mental acts required by employment, not whether he can find employment. See Van Hoose v. Brown, 4 Vet. App. 361 (1993).

In determining whether a veteran can secure and follow a substantially gainful occupation, attention must be given to the veteran’s history, education, skill, and training; and whether the veteran has the physical ability (both exertional and non-exertional) to perform the type of activities (e.g., sedentary, light, medium, heavy, or very heavy) required by the occupation at issue. Factors that may be relevant include, but are not limited to, the veteran’s limitations, if any, concerning lifting, bending, sitting, standing, walking, climbing, grasping, typing, and reaching, as well as auditory and visual limitations; and whether the veteran has the mental ability to perform the activities required by the occupation at issue. Factors that may be relevant include, but are not limited to, the veteran’s limitations, if any, concerning memory, concentration, ability to adapt to change, handle work-place stress, get along with coworkers, and demonstrate reliability and productivity. Ray v. Wilkie, 31 Vet. App. 58, 73 (2019). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the benefit of the doubt will be granted to the claimant. 38 U.S.C. § 5107; 38 C.F.R. §§ 3.102, 4.3, 4.7; Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on the merits, the preponderance of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996).

In rating disabilities, VA is precluded from differentiating between symptomatology attributed to a nonservice-connected disability and a service-connected disability in the absence of medical evidence that does so. In such cases, the reasonable doubt doctrine requires that all symptoms be attributed to the service-connected disability. Mittleider v. West, 11 Vet. App. 181, 182 (1998) (per curiam).

Evidence and analysis

The issue on appeal arises out of a January 29, 2018 claim of entitlement to a TDIU. From then, the threshold requirement for the assignment of a schedular TDIU have been met. See 38 C.F.R. § 4.16 (a). Effective January 29, 2018, acquired psychiatric disability has been rated as 70 percent disabling. Moreover, effective August 12, 2019, ischemic heart disease has been rated 60 percent disabling. 

The relevant evidence in this matter consists of lay assertions from the Veteran, VA treatment records, and VA compensation examination reports dated in April 2018, October 2018, and October 2019. This evidence supports the Veteran’s assertion that the TDIU should be effective from the date of his claim on January 29, 2018. The evidence demonstrates that, as the result of psychiatric disability and yet-to-be service-connected heart disease, the Veteran was not able to secure and follow a substantially gainful occupation that was either sedentary or physical in nature. See Mittleider, supra. 

The record is not clear regarding the Veteran’s employment and educational history. Nevertheless, it indicates that he was not capable of any type of work since filing his claim. 

The VA reports indicate long-term memory problems, problems with attention, concentration, and focus, social isolation, chronic depression and anxiety, and chronic lethargy, avolition, and anhedonia. The reports also indicate suspiciousness, speech that was intermittently illogical, obscure, or irrelevant, and speech that was circumstantial, stereotyped, and circumlocutory. The reports indicate suicidal ideation, and a persistent danger of hurting himself or others. And the reports indicate trouble breathing and catching breath while speaking, and the use of an oxygen tank, used either for service-connected heart disease or nonservice-connected lung disease. Importantly, the October 2019 report addressing the heart indicated that heart disease caused significant weakness and fatigue. 

While the October 2018 report addressing psychiatric disability indicated an improvement of symptoms since the April 2019 examination, the examiner nevertheless noted persistent depressive disorder “related to the problems of having to deal with multiple medical conditions and interpersonal problems[.]” The examiner indicated the problems were “evident in the course of this evaluation due to [the] heart condition and breathing difficulties.” The Veteran was “[s]peaking at a slow pace and at times with seeming difficulty … with reddish facial features and in seemingly physical discomfort.” The examiner found these problems “not likely related to his experience in military service.” But the examiner did not detail how these medical problems could be differentiated from service-connected psychiatric disability. See Mittleider, supra. 

(Continued on the next page)

 

VA treatment records dated in 2018 and 2019 also indicate that physical and psychiatric impairments may be intertwined. They are not clear to what extent breathing difficulty and weakness related to service-connected heart disability or nonservice-connected lung disability. And they are not clear to what extent heart and lung problems impacted the Veteran’s psychiatric state prior to the effective date of service connection for heart disease in August 2019. See Mittleider, supra. What is clear is that they generally show a patient who is both severely physically disabled and depressed. 

As such, the probative evidence is in a state of relative equipoise regarding whether, from January 29, 2018, service-connected disability prevented the Veteran from securing and following a substantially gainful occupation. See Geib v. Shinseki, 733 F.3d 1350 (Fed. Cir. 2013) (the ultimate TDIU determination rests with VA and not a medical examiner). A preponderance of the evidence does not demonstrate that he had the capacity between January 29, 2018 and March 24, 2020 to perform the physical and mental acts required by employment. This is therefore an appropriate case in which to invoke VA’s doctrine of reasonable doubt, grant the Veteran the benefit of the doubt, and grant the claim to an earlier effective date for the assignment of a TDIU. 38 U.S.C. § 5107; 38 C.F.R. §§ 3.102, 4.3.

 

 

G. A. WASIK

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Christopher McEntee, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.