﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200210-76265
DATE: January 29, 2021

ORDER

Entitlement to an evaluation of 40 percent, but not higher, for left lower extremity radiculopathy is granted.

FINDING OF FACT

The Veteran’s left lower extremity radiculopathy is manifest by no more than moderate severe incomplete paralysis.

CONCLUSION OF LAW

The criteria for a disability rating in excess of 40 percent for radiculopathy, left lower extremity, are not met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.124a, Diagnostic Code (DC) 8520.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the Army from October 1970 to January 2003. This case comes before the Board of Veterans’ Appeals (Board) on an appeal from a February 2020 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). 

The Board acknowledges that the Veteran has several claims he is currently in the process of appealing. The RO has bifurcated each of these issues, including entitlement to individual employability (TDIU). While the current issue is related to the Veteran’s pending TDIU appeal, such bifurcation of these issues permits granting of an increased rating for the left lower extremity radiculopathy in order to be considered for the pending TDIU claim. See Locklear v. Shinseki, 24 Vet. App. 311 (2011) (bifurcation of a claim generally is within VA’s discretion).

Entitlement to an evaluation in excess of 20 percent for left lower extremity radiculopathy 

The Veteran seeks a rating in excess of 20 percent for his left lower extremity radiculopathy. 

Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes identify various disabilities. 38 U.S.C. § 1155; 38 C.F.R., Part 4. Each disability must be viewed in relation to its history and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1. Examination reports are to be interpreted in light of the whole recorded history, and each disability must be considered from the point of view of the veteran working or seeking work. 38 C.F.R. § 4.2. All reasonable doubt will be resolved in the claimant’s favor. 38 C.F.R. § 4.3. Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise the lower rating is to be assigned. 38 C.F.R. § 4.7.

Separate ratings can be assigned for separate periods based on the facts found – a practice known as “staged” ratings. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007). Staged ratings are appropriate whenever the factual findings show distinct periods where the service-connected disability exhibits symptoms that would warrant different ratings. Id. 

The Veteran’s left sciatic nerve involvement has been rated as 20 percent disabling pursuant to DC 8520. The Veteran warrants a 40 percent rating, but no higher. The DC for sciatic nerve is 8520, and it provides for evaluation of this disability as paralysis of the sciatic nerve under 38 C.F.R. § 4.124a. With respect to paralysis of the sciatic nerve, a 10 percent rating is assigned for mild paralysis; a 20 percent is for moderate paralysis; a 40 percent rating is for moderately severe paralysis; a 60 percent rating is for severe paralysis, marked with muscular atrophy; and an 80 percent rating is for complete paralysis, the foot dangles and drops, no active movement possible of muscles below the knee, flexion of knee weakened or (very rarely) lost.

A note preceding the Schedule of Ratings for Diseases of the Peripheral Nerves provides that the term “incomplete paralysis” indicates a degree of lost or impaired function substantially less than the type picture for complete paralysis given with each nerve. The note further states that when the involvement is wholly sensory, the rating should be for the mild, or at most, the moderate degree. In rating peripheral nerve injuries and their residuals, attention should be given to the site and character of the injury, the relative impairment and motor function, trophic changes, or sensory disturbances. 38 C.F.R. § 4.120. Neuritis, characterized by loss of reflexes, muscle atrophy, sensory disturbances, and constant pain, at times excruciating, is to be rated on the scale provided for injury of the nerve involved, with a maximum equal to severe, incomplete paralysis. 38 C.F.R. § 4.123.

The maximum rating to be assigned for neuritis not characterized by organic changes referred to in 38 C.F.R. § 4.123 will be that for moderate incomplete paralysis, or with sciatic nerve involvement, for moderately severe incomplete paralysis. Id.

In the February 2020 Notice of Disagreement, the Veteran requested a 40 percent rating for his left lower extremity radiculopathy consistent with the findings of the May 2019 VA examination where the VA examiner indicated the severity of the Veteran’s nerve condition was moderately severe when assessing the level of paralysis of the sciatic nerve. However, the question of severity in accordance with the Ratings Schedule, is ultimately a legal one, not a medical one. See Geib v. Shinseki, 733 F.3d 1350 (2013). Medical examiners are responsible for providing a full description of the effects of disability upon the person’s ordinary activity. 38 C.F.R. § 4.10; Floor v. Shinseki, 26 Vet. App. 376, 381 (2013). 

The Veteran underwent a VA examination in May 2019. The Veteran contended that he suffered severe intermittent and dull pain on his left side. He said he suffers fatigue, weakness, lack of endurance, and incoordination. The VA examiner found that the Veteran suffers from hypoactive reflexes in his ankle and knee on his left side, he has decreased sensation in his anterior thigh, lower leg/ankle, foot/toes on his left side, and his muscle strength is decreased and measures at active movement against some resistance. The VA examiner also reported the Veteran suffered pain with active, passive, weightbearing, and non-weightbearing range of motion testing. The Veteran was found to have no muscle atrophy and to have incomplete paralysis, but showed signs of trophic changes, loss of extremity hair with smooth and shiny skin. While the Veteran does not suffer constant pain, he does report suffering severe intermittent pain and paresthesias and/or dysesthesias, an impaired ability to execute skilled movements smoothly with disturbances of locomotion, and an interference with sitting and standing.

The Board finds a 40 percent evaluation for the left lower extremity radiculopathy is warranted. The Veteran’s neurological findings were documented on the May 2019 VA examination. Thus, in evaluating this claim, the Board finds that the VA examination is competent and probative. The Veteran’s left lower extremity radiculopathy was consistent with moderately severe incomplete paralysis. 

(Continued on the next page)

 

There is no lay or medical evidence to support a higher evaluation for the Veteran’s neurological symptoms. To warrant a 60 percent rating, there must be severe incomplete paralysis with marked muscular atrophy. That is not shown. Moreover, the Veteran reports symptomatology consistent with the 40 percent evaluation in his Feb 2020 Notice of Disagreement. The Board finds the Veteran’s description to be consistent with the May 2019 VA examination. 

A rating of 40 percent disabled, but no more, for radiculopathy, left lower extremity, shall be granted.

 

 

M. Mills

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Doerfler, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.