Citation Nr: 1602627 
Decision Date: 01/28/16 Archive Date: 02/05/16

DOCKET NO. 14-21 919 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUES

1. Entitlement to service connection for depression. 

2. Entitlement to an initial rating higher than 10 percent for posttraumatic stress disorder (PTSD) for the period from August 19, 2009 to July 26, 2010, and higher than 30 percent thereafter. 

3. Entitlement to a total disability rating based on individual unemployability (TDIU). 

4. Entitlement to an initial higher (compensable) rating for bilateral hearing loss. 


ATTORNEY FOR THE BOARD

S. D. Regan, Counsel



INTRODUCTION

The Veteran served on active duty from October 1966 to July 1968. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of February 2010 and July 2011 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas. The February 2010 RO decision granted service connection and a 10 percent rating for PTSD, effective August 19, 2009. 

An October 2010 RO decision increased the rating for the Veteran's service-connected PTSD to 30 percent, effective July 27, 2010. Since that grant does not represent a total grant of benefits sought on appeal, the claim for increase remains before the Board. AB v. Brown, 6 Vet. App. 35 (1993). 

The July 2011 RO decision denied service connection for depression and denied the Veteran's claim for a TDIU. By this decision, the RO also continued a 30 percent rating for the Veteran's service-connected PTSD. 

The decision below addresses the depression claim. The remaining claims are addressed in the remand section following the decision.


FINDING OF FACT

The Veteran's current depression is attributable to his service-connected PTSD.


CONCLUSION OF LAW

The criteria for service connection for depression, as secondary to service-connected PTSD, have been met. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.310 (2015). 

REASONS AND BASES FOR FINDING AND CONCLUSION

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303 (2015). "To establish a right to compensation for a present disability, a veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"-the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 

Secondary service connection may be granted for a disability that is proximately due to, the result of, or aggravated by an established service-connected disability. 38 C.F.R. § 3.310 (2015); see also Allen v. Brown, 7 Vet. App. 439 (1995). 

The Veteran is service connected for PTSD. He contends that he has depression that is related to service, or, more specifically, that is related to his service-connected PTSD. The Veteran maintains that he has depression due to his service in the Republic of Vietnam and also indicates that his depression is a component of his PTSD symptoms. 

The Veteran's service treatment records do no specifically show complaints, findings, or diagnoses of depression or any other psychiatric problems. 

Post-service private and VA treatment records, including VA examination reports, show treatment for multiple disorders, including psychiatric disorders such as PTSD and depression. A September 2009 VA psychiatric examination report included a notation that the Veteran's claims file was reviewed. The diagnosis was PTSD. A Global Assessment of Functioning (GAF) score of 65 was assigned. The examiner specifically indicated that it appeared that the Veteran met the criteria for a diagnosis of depression of unknown etiology. 

In an April 2011 addendum to the September 2009 VA psychiatric examination report, the same examiner indicated that in reviewing the Veteran's mental health treatment notes, he believed that the Veteran continued to manifest symptoms of PTSD. The examiner stated that the Veteran continued to receive a significantly lower GAF score for reasons that were unclear, but that he did not see any indication that the Veteran's PTSD precluded all employment. The examiner indicated that it appeared as if the Veteran was having significant marital problems, as well as depression, and that he thought such might explain some of the lower GAF scores of record. 

A May 2011 VA treatment entry related an impression of PTSD and a GAF score of 45. The examiner reported that Veteran would continue on Bupropion for his depressive and PTSD symptoms. 

In a May 2014 statement of the case, the RO indicated that service connection had already been granted for PTSD. The RO reported that it was counting the Veteran's depressive symptoms in order to assign the rating for the Veteran's service-connected PTSD. The RO specifically noted that it had already used the Veteran's depressive symptoms to assign his PTSD rating. 

The Board notes that the Veteran has been currently diagnosed with depression. Additionally, the Board observes that the RO has specifically indicated that it was using the Veteran's symptoms of depression in assigning the current rating for his service-connected PTSD. The Board notes that while the Veteran is already service connected for PTSD, and that his depression may already be contemplated in the rating for that specific disorder, it is not improper to service connect other psychiatric disorders when warranted. See generally Amberman v. Shinseki, 570 F.3d 1377, 1381 (2009) (stating that the veteran's "bipolar affective disorder and PTSD could have different symptoms and it could therefore be improper in some circumstances for the VA to treat these separately diagnosed conditions as producing only the same disability"). That is, even if the same final rating would be awarded, service connection is not precluded.

Based on the totality of the evidence, the Board finds that the Veteran's current depression is due, at least in part, to his service-connected PTSD. The evidence is at least in equipoise on this point, and thus the Veteran is to be given the benefit of the doubt. See 38 U.S.C.A. § 5107(b) (West 2014); 38 C.F.R. § 3.102 (2015). The Board therefore finds that the Veteran's depression is due to or the result of his service-connected PTSD. Thus, secondary service connection is warranted. See 38 C.F.R. § 3.310. As the Board has granted secondary service connection it need not address direct service connection, or any other theories for service connection, in this matter. 


ORDER

Service connection for depression as secondary to PTSD is granted. 


REMAND

The remaining issues on appeal are entitlement to an initial rating higher than 10 percent for PTSD for the period from August 19, 2009 to July 26, 2010, and higher than 30 percent thereafter, and entitlement to a TDIU. 

Additionally, as noted above, the Board has granted service connection for depression as secondary to the Veteran's service-connected PTSD. 

The Veteran was last afforded a VA psychiatric examination in September 2010. The diagnosis was PTSD. A GAF of 65 was assigned. The examiner commented that he did not find evidence that the Veteran's PTSD symptoms precluded employment. The examiner stated that the Veteran reported considerable social isolation, and that no impairment in thought processing or communication was noted. The examiner indicated that he did not find that the Veteran's PTSD symptoms precluded activities of daily living. 

In an April 2011 addendum to the September 2009 VA psychiatric examination report, the same examiner noted that the Veteran was seen for an initial VA psychiatric examination in January 2010, and that he was seen again for another VA psychiatric examination in September 2010. The examiner stated that pursuant to both examinations, respectively, the Veteran was given a diagnosis of PTSD and a GAF score of 65, suggesting mild symptoms. The examiner reported that in reviewing the Veteran's mental health treatment notes, he believed that the Veteran continued to manifest symptoms of PTSD. The examiner stated that the Veteran continued to receive a significantly lower GAF score for reasons that were unclear, but that he did not see any indication that the Veteran's PTSD precluded all employment. The examiner indicated that it appeared as if the Veteran was having significant marital problems, as well as depression, and that he thought such might explain some of the lower GAF scores of record. 

The Veteran has not been afforded a VA psychiatric examination, as to his service-connected PTSD and depression, in over five years. Additionally, given the change in circumstances as a result of the Board's grant of service connection for depression as secondary to service-connected PTSD, and as the Veteran has received treatment for his psychiatric problems on occasions subsequent to the September 2010 examination report, the record clearly raises a question as to the current severity of the Veteran's service-connected PTSD and depression. As such, the Board finds that the matter should be remanded to afford him an opportunity to undergo a contemporaneous VA examination to assess the current nature, extent and severity of his psychiatric disability. See Snuffer v. Gober, 10 Vet. App. 400, 403 (1997); VAOPGCPREC 11-95 (1995), 60 Fed. Reg. 43186 (1995). 

Additionally, the Board notes that the United States Court of Appeals for the Federal Circuit has held that VA is not always required to obtain a single examination that considers the combined effects of a veteran's service-connected disabilities in all TDIU claims. See Geib v. Shinseki, 733 F.3d. 1350 (Fed. Cir. 2013). However, in the Veteran's case, the Board finds that the record is insufficient to evaluate the combined effect of the Veteran's service-connected disabilities without such an opinion. 

The Veteran has not been specifically afforded a VA opinion as to the functional impairment from his service-connected disabilities, either alone or in the aggregate, without consideration of any of his nonservice-connected disabilities. Thus, the Board must also remand this matter to afford the Veteran a VA examination, the report of which must address the above inquiry.

Prior to the examination, any outstanding records of pertinent treatment must be obtained and added to the record. 

Finally, the Board observes that a February 2010 RO decision granted service connection and a noncompensable rating for bilateral hearing loss, effective August 19, 2009. In a July 2010 statement, the Veteran essentially expressed disagreement with the rating assigned for his bilateral hearing loss. The Board observes that the RO has not issued a statement of the case (SOC) as to the issue of entitlement to an initial higher (compensable) rating for bilateral hearing loss. Under the circumstances, the Board finds it necessary to remand this issue to the RO for the issuance of a SOC. See Manlincon v. West, 12 Vet. App. 238, 240-41 (1999).

Accordingly, these issues are REMANDED for the following actions: 

1. Ask the Veteran to identify all medical providers who have treated him for PTSD and depression since May 2014. Obtain copies of the related medical records which are not already in the claims folder. Document any unsuccessful efforts to obtain the records, inform the Veteran of such, and advise him that he may obtain and submit those records. 

2. Thereafter, schedule the Veteran for a VA examination by an appropriate professional to determine the extent and severity of his PTSD and depression. The entire claims file, to include any electronic records, must be reviewed by the examiner. All signs and symptoms of the service-connected PTSD and depression must be reported in detail. 

The examiner must describe the functional impairment from each of the service-connected disabilities, and comment as to whether the Veteran's service-connected disabilities, either alone or in the aggregate, without consideration of any of his nonservice-connected disabilities, impair his ability to follow a substantially gainful occupation. 

The examiner must also suggest the type or types of employment, if any, in which the Veteran is capable of engaging in with his current service-connected disabilities, given his skill set and educational background. 

The examination report must include a complete rationale for all opinions expressed. 

3. Issue the Veteran a SOC as to the issue of entitlement to an initial higher (compensable) rating for bilateral hearing loss, to include notification of the need to timely file a substantive appeal to perfect his appeal on these issues.

4. Finally, readjudicate the issues remaining on appeal, including consideration of whether referral for extraschedular evaluation is warranted for a TDIU. If the benefits sought remain denied, issue a supplemental statement of the case, which takes into account all evidence submitted since the last statement of the case, and return the case to the Board. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs