Citation Nr: 1749170 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 12-28 143 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Huntington, West Virginia


THE ISSUE

Entitlement to a total disability rating for compensation purposes based on individual unemployability (TDIU) prior to August 1, 2016.


REPRESENTATION

Appellant represented by: Brett W. Buchanan, Agent


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife


ATTORNEY FOR THE BOARD

J. Baker, Associate Counsel

INTRODUCTION

The Veteran had active service from June 1975 to June 1979, and from March 1980 to October 1984.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2014 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia. 

The Veteran testified before the undersigned Veterans Law Judge (VLJ) at a hearing in July 2013. A transcript of that hearing is of record. 

This matter was previously before the Board in May 2015 and June 2017, when it was remanded for further development. The matter now returns to the Board for appellate consideration.


FINDINGS OF FACT

1. For the rating period on appeal prior to June 11, 2015, the most probative evidence of record does not demonstrate that it is at least as likely as not that the Veteran's service-connected disabilities preclude him from maintaining substantially gainful employment consistent with his educational and occupational background.

2. For the rating period on appeal from June 11, 2015 through July 31, 2016, the Veteran has a combined 100 percent rating, and entitlement to special monthly compensation.


CONCLUSIONS OF LAW

1. The criteria for a total disability rating for compensation purposes based on individual unemployability (TDIU) have not been met for the period on appeal prior to June 11, 2015. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.340, 3.341, 4.16 (2014).

2. The TDIU appeal from June 11, 2015 through July 31, 2016 is dismissed as moot. Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA's Duty to Notify and Assist

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2016); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

Legal Criteria

Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when a veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that if there is only one such disability, such disability shall be ratable as 60 percent or more, and if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more and sufficient disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16 (a).

Even if the Veteran's service-connected disabilities do not meet the percentage standard, it is the established policy of VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. Therefore, in the case of veterans who are unemployable by reason of service-connected disabilities, but who fail to meet these schedular percentage standards, the case should be submitted to the Director, Compensation and Pension Service, for extra-schedular consideration. 38 C.F.R. § 4.16 (b).

For a veteran to prevail on a claim for a TDIU, the question is whether the Veteran is capable of performing the physical and mental acts required by employment, not whether the Veteran can find employment. This is so because a disability rating in itself is recognition that the impairment makes it difficult to obtain or keep employment. See Van Hoose v. Brown, 4 Vet. App. 361 (1993). 

Consideration may be given to a veteran's level of education, special training, and previous work experience, but not to his or her age or to impairment caused by nonservice-connected disabilities. See 38 C.F.R. §§ 3.341, 4.16, 4.19. Substantially gainful employment is defined as work that is more than marginal and that permits the individual to earn a living wage. See Moore v. Derwinski, 1 Vet. App. 356 (1991). Marginal employment shall not be considered substantially gainful employment.

The determination of whether a veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disability is a factual determination rather than a medical question. Therefore, responsibility for the ultimate determination of whether a veteran is capable of securing or following substantially gainful employment is placed on the VA, not a medical examiner. Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013); see also 38 C.F.R. § 4.16; Floore v. Shinseki, 26 Vet. App. 376, 381 (2013).

Under 38 U.S.C.A. § 7104, Board decisions must be based on the entire record, with consideration of all the evidence. The law requires only that the Board address its reasons for rejecting evidence favorable to the claimant. Timberlake v. Gober, 14 Vet. App. 122, 128-29 (2000). The Board must review the entire record, but does not have to discuss each piece of evidence. Gonzales v. West, 218 F.3d 1378, 1381 (Fed. Cir. 2000).

In determining whether statements submitted by a veteran are credible, the Board may consider internal consistency, facial plausibility, and consistency with other evidence submitted on behalf of the claimant. Caluza v. Brown, 7 Vet. App. 498 (1995). The Board is not required to accept a veteran's uncorroborated account of his active service experiences. Wood v. Derwinski, 1 Vet. App. 190 (1991).

The rating decision on appeal stems from a claim for entitlement to a TDIU received by the VA on April 21, 2014. As such, the relevant period on appeal is up to one year prior to April 21, 2014. The Board notes that from June 11, 2015 to July 31, 2016, a 100 percent combined disability rating has been in effect for multiple disabilities. The Veteran was also awarded special monthly compensation on account of being housebound under 38 U.S.C.A. § 1114 (s). Cf. Buie v. Shinseki, 24 Vet. App. 242 (2010); Bradley v. Peake, 22 Vet. App. 280 (2008). Therefore, the claim of entitlement to a TDIU from June 11, 2015 through July 31, 2016 is dismissed as a matter of law as moot. Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

For the period on appeal prior to June 11, 2015, the Board notes that the Veteran was service-connected for degenerative arthritis of the right knee, degenerative arthritis of the left knee, degenerative arthritis of the right ankle, degenerative arthritis of the left ankle, degenerative arthritis of the right shoulder, degenerative arthritis of the left shoulder, degenerative arthritis of the lumbar spine, and tinnitus, each rated as 10 percent disabling. The Veteran was also service-connected for bilateral hearing loss, rated as non-compensable. 

During that time period, the Veteran did not meet the schedular requirements for a TDIU, as the Veteran's combined disability rating was 60 percent, and a combination of the Veteran's disabilities into a single disability with a rating of at least 60 percent is not appropriate due to the Veteran's service-connection for bilateral hearing loss and tinnitus. 38 C.F.R 4.16 (a). Thus, the Board must examine whether the Veteran is capable of maintaining substantially gainful employment during the period on appeal prior to June 11, 2015 to determine whether referral for extra-schedular consideration is appropriate. 

The record shows that the Veteran had prior employment as a security guard, and stated that he stopped working in 2010 due to back and knee conditions. The record also shows that the Veteran has a high school education. 

Treatment notes from July 2013 show complaints of back, knee, and ankle pain, however, the Veteran reported moving furniture. The Social Security Administration made a disability determination for the Veteran in February 2014. The Veteran's primary and secondary impairments were listed as osteoarthritis and dysfunction of major joints. The Veteran reported difficulty driving for long periods, and taking longer to shop for groceries than normal. His impairments were listed as non-severe, and were noted to not significantly limit physical or mental ability to do basic work activities. The Veteran's residual functional capacity was noted to be occasionally lifting 20 pounds, and frequently lifting 10 pounds, standing and walking four hours a day, and sitting 6 hours a day. The Veteran was noted to have some postural limitations due to knees, ankles, and shoulder problems. He was also limited in overhead reaching. The Veteran was determined to be "not disabled." A statement from the Veteran's last employer states that the Veteran ended his employment in September 2012, and was terminated for not showing to work without calling for multiple shifts. An outpatient occupational therapy consultation in October 2014 showed the Veteran using a cane, and denying problems using the bathroom, dressing, or standing.

The Board acknowledges the Veteran's statements with respect to his ability to work. While he is competent to provide statements as to the severity of his symptoms, he is not competent to provide an opinion as to whether his service-connected disabilities result in him being unable to secure and follow a substantially gainful occupation. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011). He has not been shown to possess the knowledge and expertise to render an opinion that his service-connected disabilities rendered him unable to work. The Board finds that the preponderance of evidence is against a finding that it is at least as likely as not that the Veteran was unable to secure and follow a substantially gainful occupation due to his service-connected disabilities prior to June 11, 2015. The Veteran may not be able to continue to be employed as a security guard, but his disabilities and education do not preclude him from sedentary employment. Accordingly, referral of entitlement to a TDIU on an extra-schedular basis is not warranted. 38 C.F.R. § 4.16. In light of the above, the preponderance of the evidence is against the claim for entitlement to a TDIU for the period prior to June 11, 2015. The benefit-of-the-doubt doctrine is not for application and the claim is denied. See 38 U.S.C.A. § 5107 (b); 38 C.F.R. § 3.102.

In Bradley v. Peake, 22 Vet. App. 280, 294 (2008), the Court determined that Although no additional disability compensation may be paid when a total schedular disability rating is already in effect, special monthly compensation may be warranted if the Veteran has a 100 percent disability rating for a single disability, (to include a TDIU based on a single disability), and there is additional service-connected disability or disabilities independently ratable at 60 percent or more. 

Here, for the period on appeal prior to June 11, 2015, the Veteran did not have a disability rated at 100 percent. The Board has considered whether his TDIU could be based on a single service connected disability. The Veteran was originally granted entitlement to a TDIU in an April 2017 rating decision. That decision initially granted entitlement to a TDIU based on bilateral ankle, knee, and shoulder disabilities. Thus, the Veteran's TDIU is not based on a single disability. Even if those disabilities were considered a single disability as part of the same body system, the Veteran does not have another disability or disabilities rated at 60 percent. Therefore, special monthly compensation is not for further consideration.


ORDER

Entitlement to a TDIU prior to June 11, 2015 is denied.

Entitlement to a TDIU from June 11, 2015 through July 31, 2016 is dismissed.




____________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs