﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/19 Archive Date: 01/30/19

DOCKET NO. 180806-204
DATE: January 31, 2019

ORDER

Entitlement to a total disability rating based on individual unemployability (TDIU) is denied.

FINDING OF FACT

The evidence of record does not show that the Veteran was unable to obtain or maintain substantially gainful employment as a result of his service-connected disabilities.

CONCLUSION OF LAW

The criteria for a TDIU have not been met. 38 U.S.C. § 1155 (2012); 38 C.F.R. § 4.16 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from July 1964 to August 1967.

This appeal comes before the Board of Veterans’ Appeals (Board) from a July 2017 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Saint Louis, Missouri.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran contends that he is entitled to TDIU. A Veteran may be awarded TDIU benefits if he is unable to secure or follow a substantially gainful occupation due solely to impairment resulting from his service-connected disabilities. See 38 U.S.C. § 1115; 38 C.F.R. §§ 3.340, 3.341, 4.16. Substantially gainful employment is defined as work which is more than marginal and which permits the individual to earn a living wage. Moore v. Derwinski, 1 Vet. App. 356 (1991).

VA may consider the level of education, special training, and previous work experience in making this determination, but may not consider the Veteran’s age or the impairment caused by any nonservice-connected disabilities. See 38 C.F.R. §§ 3.341, 4.16, 4.19; see also Ferraro v. Derwinski, 1 Vet. App. (1991).

Medical evidence describing the effect of each disorder on the Veteran’s occupational functioning is crucial to permit the Board to arrive at an assessment of employability. 38 C.F.R. § 4.1. However, the question of whether the Veteran’s service-connected disabilities are of sufficient severity to produce unemployability is ultimately the Board’s determination to make. See Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013) (citing 38 C.F.R. § 4.16(a) as support for the conclusion that the applicable statutory and regulatory provisions “place responsibility for the ultimate TDIU determination on the VA, not a medical examiner”). Therefore, the Board will review the medical evidence in the context of the other evidence of record prior to reaching an ultimate conclusion regarding his employability.

A total disability rating for compensation may be assigned where the schedular rating is less than total when the Veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that if there is only one such disability, such disability shall be ratable as 60 percent or more and if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a).

For a Veteran to prevail on a claim for a total disability rating based on individual unemployability, the record must reflect some factor which takes the case outside the norm. The sole fact that a claimant is unemployed or has difficulty obtaining employment is not sufficient. A high rating in itself is a recognition that the impairment makes it difficult to obtain and keep employment. The question is whether a Veteran is capable of performing the physical and mental acts required by employment, not whether the Veteran can find employment. See 38 C.F.R. 4.16(a) (2017); see also Van Hoose v. Brown, 4 Vet. App. 361 (1993). Significantly, in determining whether a Veteran is entitled to a total disability rating based on individual unemployability, neither the Veteran’s nonservice-connected disabilities nor advancing age may be taken into considered. 38 C.F.R. § 4.19 (2017).

At the time of the Veteran’s TDIU application, the Veteran had a 50 percent rating for PTSD, and a combined rating of 60 percent for all of his service-connected disabilities, to include tinnitus and irritable bowel syndrome. Therefore, the Veteran meets the threshold requirements for TDIU, as set forth in 38 C.F.R. § 4.16(a).

The Veteran filed a claim for a TDIU in February 2017, alleging that he became too disabled to work in 2011. The Veteran reported completing one year of high school. He stated that he last worked full-time in 2010. The Veteran was working full-time as a safety director from 1993 through 2010. He then worked part-time for 3 months in 2010 and four months in 2011. He stated that he did not leave his last job because of his disability. Statements in the Veteran’s VA treatment records note that the Veteran retired in 2010, filed for bankruptcy after retiring, and then went to work at a new job. The Veteran reported current active involvement with his VFW chapter, as well as gardening.

Following a careful review of the record, the Board finds that the preponderance of the evidence is against finding that the Veteran is unable to obtain and maintain substantially gainful employment due to his service-connected disabilities.

After weighing all the evidence, the Board finds the greatest probative value in the VA treatment records and examinations. VA treatment records show no indication that the Veteran’s service-connected disabilities either individually or in total combine to render the Veteran incapable of obtaining or maintaining substantially gainful employment.

Various medical examinations have touched on the Veteran’s employability. At a January 2017 VA PTSD examination, the Veteran reported that he is the quartermaster of his local VFW, and keeps track of bills and deposits money. He noted that he has become more forgetful lately and calls his wife for help. He stated that he worked one part-time job for four months in 2010, but became exhausted from being gone from home seven days per week. He worked again for 3 months, but he found it difficult to be at work for 10 to 12 hours per day. He was not comfortable with the computer and felt aggravated. He was told by his co-workers that he had “Vietnam syndrome,” meaning that he was short-tempered and blunt.

The examiner remarked that the Veteran had impairment of short and long-term memory, disturbances of motivation and mood, difficulty in establishing and maintaining effective work and social relationships, and difficulty in adapting to stressful circumstances, including work or a work-like setting. However, there was no indication of any severe PTSD symptoms, such as suicidal or homicidal ideations, hallucinations or delusions, illogical thought or speech, inability to perform activities of daily living, neglect of personal appearance, or an inability to function independently or appropriately in social or occupational environments.

Turning to the Veteran’s irritable bowel syndrome (IBS), at a March 2018 intestinal conditions VA examination, the examiner noted that the Veteran’s intestinal condition impacted his ability to work. The Veteran reported frequent episodes of bowel disturbance with abdominal distress. At a July 2017 intestinal conditions VA examination, the examiner noted that the Veteran’s intestinal condition did impact his ability to work, and additionally noted that the Veteran was retired. There were no further allegations or statements regarding the specific impact of the Veteran’s IBS and related symptoms on his ability to work. 

The Veteran additionally alleged that his tinnitus causes problems understanding what was said and having to ask people to repeat what has been said. The record does not suggest any further work-related limitations regarding the Veteran’s tinnitus. At a July 2017 hearing loss and tinnitus VA examination, the examiner noted that the Veteran’s tinnitus did not impact his ability to work.

Considering the above, the Veteran’s reports of impact at work do not reflect a severe impairment that prevents him from retaining his employment. As noted above, the Veteran stated that he was unable to work for seven days per week and work 10 to 12-hour days; however, this schedule is beyond the required hours of ordinary full-time employment. The Veteran stated that his co-workers found him to be short-tempered and blunt; however, nothing in the record suggests that the Veteran is unable to work in a mostly solitary environment. Finally, the Veteran stated that his tinnitus causes problems understanding what was said and having to ask people to repeat themselves. While asking people to repeat themselves can be inconvenient or stressful, it does not prevent the Veteran from securing or following gainful employment.

While the Board does not wish to minimize the nature and extent of the Veteran’s overall service connected disabilities, the evidence of record does not support his claim for a TDIU. The Board reiterates that the issue is not whether the Veteran is unemployed, or has difficulty finding employment, but rather, whether the Veteran is capable of performing the acts required by employment. See Van Hoose, 4 Vet. App. at 363. While the Board is cognizant that the Veteran may be precluded from some types of employment, the preponderance of the evidence demonstrates that the Veteran is not precluded from securing and following gainful employment which provides reasonable accommodation for his PTSD, IBS, and tinnitus symptoms. 

In sum, given the Veteran’s work experience and the impact he experiences from his physical and mental disabilities, the Board cannot say that the Veteran’s service-connected PTSD, IBS, or tinnitus, or the combination of his service-connected disabilities, prevent him from obtaining or maintaining substantially gainful employment with the ability to work in a solitary environment as needed. The totality of the competent evidence of record weighs against finding the Veteran unable to obtain or maintain substantially gainful employment. Accordingly, a TDIU is not warranted. 

In reaching this conclusion, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran’s claim, that doctrine is not for application in the instant appeal. See 38 U.S.C. § 510(b) (2018).

 

E. I. VELEZ

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD I. Kerner, Associate Counsel