﻿Citation Nr: AXXXXXXXX
Decision Date: 08/27/19 Archive Date: 08/26/19

DOCKET NO. 190531-12895
DATE: August 27, 2019

ORDER

Entitlement to a total disability rating by reason of individual unemployability (TDIU) is denied.

FINDING OF FACT

The Veteran is not precluded from securing or maintaining a substantially gainful occupation due to his service-connected disabilities.

CONCLUSION OF LAW

The criteria for a TDIU rating have not been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.340, 3.341, 4.16, 4.25, 4.26 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from September 1963 to August 1965.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a March 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. In May 2019, the Veteran elected the modernized direct review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

1. Entitlement to TDIU

VA will grant TDIU when the evidence shows that a veteran is precluded, by reason of service-connected disabilities, from obtaining and maintaining any form of gainful employment consistent with his education and occupational experience. 38 C.F.R. §§ 3.340, 3.341, 4.16. TDIU is granted only when it is established that the service-connected disabilities are so severe, standing alone, as to prevent the retaining of gainful employment. If there is only one such disability, it must be rated at least 60 percent disabling to qualify for benefits based on individual unemployability. 38 C.F.R. § 4.16(a). If there are two or more such disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a).

Entitlement to a total rating must be based solely on the impact of service-connected disabilities on the ability to keep and maintain substantially gainful employment. 38 C.F.R. §§ 3.340, 3.341, 4.16. The central inquiry is “whether the veteran’s service-connected disabilities alone are of sufficient severity to produce unemployability.” Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993).

Where these percentage requirements are not met, entitlement to benefits on an extraschedular basis may be considered when a veteran is unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities, and consideration is given to the veteran’s background including his employment and educational history. 38 C.F.R. §§ 3.321(b), 4.16(b). The Board does not have the authority to assign an extraschedular TDIU rating in the first instance. Bowling v. Principi, 15 Vet. App. 1 (2001). Rather, the issue must be referred to the Director of Compensation Service for such assessment in the first instance. Kuppamala v. McDonald, 27 Vet. App. 447, 457 (2015). Thereafter, the Board has jurisdiction to review the entirety of the Director’s decision denying or granting an extraschedular rating and is authorized to assign an extraschedular rating when appropriate. Id.

For VA purposes, the term unemployability is synonymous with inability to secure and follow a substantially gainful occupation. VAOPGPREC 75-91, 57 Fed. Reg. 2,317 (Jan. 21, 1992). Consideration may be given to the veteran’s education, special training, and previous work experience, but not to his or her age or to the impairment caused by nonservice-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19; Van Hoose v. Brown, 4 Vet. App. 361 (1993). A high rating in itself is recognition that the impairment makes it difficult to obtain or keep employment, but the ultimate question is whether the Veteran is capable of performing the physical and mental acts required by employment, not whether he or she can find employment. Van Hoose, 4 Vet. App. at 363.

The ability to work sporadically or obtain marginal employment is not substantially gainful employment. 38 C.F.R. § 4.16(a); Moore v. Derwinski, 1 Vet. App. 356, 358 (1991). Marginal employment, i.e., earned annual income that does not exceed the poverty threshold for one person, is not considered substantially gainful employment. 38 C.F.R. § 4.16(a).

Service connection is in effect for the following disabilities: (1) coronary artery disease (CAD), status post myocardial infarction, coronary artery bypass graft and angioplasty (rated as 60 percent from November 18, 2015), (2) posttraumatic stress disorder (PTSD) (rated as 50 percent from September 27, 2016), (3) bilateral hearing loss (rated as noncompensable prior to April 5, 2017, and increased to 30 percent therefrom), (4) hypertension (rated as 10 percent from November 18, 2015), (5) surgical scars of the left leg associated with CAD (rated as noncompensable from November 18, 2015), and (6) surgical scars of the anterior chest associated with CAD (rated as noncompensable from November 18, 2015). Disabilities are combined using the Combined Ratings Table found at 38 C.F.R. § 4.25. Using this table, the Veteran’s combined rating for service-connected disabilities is, in relevant part, 60 percent from November 18, 2015, 80 percent from September 27, 2016, and 90 percent from April 5, 2017.

In a claim for a TDIU, the ultimate question of whether a Veteran is capable of substantially gainful employment is not a medical one; that determination instead is for the adjudicator. See 38 C.F.R. § 4.16(a); see also Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013) (noting that “applicable regulations place responsibility for the ultimate TDIU determination on the [adjudicator], not a medical examiner”).

Under direct review, only evidence that was of record at the time the RO rendered the decision on appeal may be considered. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). As such, the Board’s review of the case is limited to the evidence of record at the time of the March 2019 rating decision. 

Based on a review of the evidence, the Board finds that an award of TDIU benefits is not warranted in this case because the Veteran is capable of performing the physical and mental acts required by, at least, some types of employment. In making this finding, the Board has considered the Veteran’s service-connected disabilities, employment history, educational attainment, and all other factors having a bearing on this issue.

As a preliminary matter, the Board notes the Veteran submitted a VA Form 21-8940 indicating that his service-connected CAD and PTSD preclude him from securing or maintaining substantially gainful occupation.

As indicated, the Veteran served on active duty from September 1963 to August 1965. His military occupational specialty (MOS) was noted as carpenter. The record reflects the Veteran’s highest educational attainment is some college, i.e., 1-2 years. Following service, the Veteran’s civilian occupational history consisted of employment at a utility company for more than 25 years, and employment as a golf club attendant for an additional nine years. The Veteran has been unemployed since in or around 2015. 

Here, VA psychiatric examinations were most recently provided in August 2017 and January 2019. The August 2017 report of examination reflects, in pertinent part, the Veteran endorsed psychiatric symptoms of anxiety, chronic sleep impairment, and difficulty adapting to stressful circumstances. The Veteran reported a history of “stable jobs all his life without any performance issues related to behavior, emotional and cognitive impairment.” The Veteran “emphatically state[d] that his PTSD does not limit his employability.” 

The January 2019 report of examination reflects, in pertinent part, a history of being unemployed since 2015 after the Veteran was diagnosed with CAD. The Veteran reported increased anxiety and emotional distress stemming from familial issues, i.e., his spouse’s health and son’s legal difficulties. The Veteran also endorsed psychiatric symptoms of anxiety, chronic sleep impairment, mild memory loss, disturbance of motivation and mood, and difficulty adapting to stressful circumstances. Although the Veteran reported history of angry outburst, he also reported having friends and sources of social support. The Veteran indicated he often goes to church and takes advantage of opportunities to help others, which has been therapeutic for him. 

VA heart examinations were also most recently provided in August 2017 and January 2019. The August 2017 report of examination reflects, in pertinent part, the Veteran reported intermittent dyspnea, fatigue, and angina upon moderate exertion. Further, the Veteran reported engaging in daily exercise. Specifically, the Veteran indicated he walks one to two miles per day, at which point he experiences angina. The examiner performed an interview-based metabolic equivalent of task (METs) test. Following questioning, the examiner determined the Veteran exhibits a METs level of greater than 3 but less than 5 METs workload resulting in dyspnea and fatigue, which is light yard work, mowing the lawn, and brisk walking. The Veteran described his functional impairment due to CAD as increased dyspnea and fatigue upon moderate exertion such as lifting heavy objects and climbing stairs. The Veteran did not report any additional functional impairment. The examiner concluded that while the Veteran’s reported functional impairment would make it difficult for Veteran to maintain gainful employment that is physically demanding in nature, the Veteran’s symptoms would not preclude him from employment tasks and/or opportunities that are sedentary in nature. Similar findings were noted in the January 2019 VA examination.

2015 private medical records note that the Veteran reported his activity level was excellent and he was walking every day. In May 2015, he was walking 3 miles per day without chest pain or shortness of breath. In September 2015 private records, the Veteran reported he was golfing and walking 2 to 3 miles per day.

Despite the Veteran’s assertion that his service-connected CAD and PTSD alone preclude him from securing or maintaining substantially gainful occupation, the Board has also considered the Veteran’s other service connected disabilities, including bilateral hearing loss and hypertension. Although the record indicates that the Veteran’s bilateral hearing loss impacts the ordinary conditions of life including work, the Board does not find this disability, alone or in conjunction with the other service-connected disabilities preclude the Veteran from pursuing substantially gainful employment. The March 2016 VA audiological examination reflects, in pertinent part, the Veteran is diagnosed with sensorineural hearing loss. At that time, the Veteran described his functional impairment as experiencing muffled speech in the right ear and difficulty hearing speech at a distance. 

As indicated, the ultimate question is whether the Veteran is capable of performing the physical and mental acts required by employment, not whether he or she can find employment. Van Hoose, 4 Vet. App. at 363. Based on the evidence of record, including the Veteran’s service-connected disabilities, employment history, educational attainment, and all other factors having a bearing on this issue, the Board finds that the Veteran is not unemployable. For instance, the Veteran has a high school diploma and attended some college. He has a significant, stable employment history “without any performance issues related to behavior, emotional and cognitive impairment.” The Veteran is capable of walking at least two miles per day. This is consistent medical evidence reflecting the Veteran exhibits a METs level of greater than 3 but less than 5 METs workload resulting in dyspnea and fatigue. The Veteran described his functional impairment due to CAD as increased dyspnea and fatigue upon moderate exertion such as lifting heavy objects and climbing stairs. The Veteran did not report any additional functional impairment. VA psychiatric examinations do not reflect any cognitive impairments that would prevent the Veteran from performing the mental acts required by employment. Although the Veteran asserts that he stopped working after his April 2015 heart surgery, the private medical records reflect that during that time period, he was doing well, golfing and walking. He refused cardiac rehab as the was doing well. Accordingly, the Veteran’s service-connected conditions affect his employability, but do not preclude it, as he is still capable of non-moderate exertion. His prior employment as a golf attendant and at a utility company do not appear to require more physical activity than that. In sum, the Board finds the Veteran is capable of performing the physical and mental acts required by employment. Accordingly, the appeal is denied. 

 

 

K. MILLIKAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Kalolwala, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.