Citation Nr: 21049965
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 18-30 031
DATE: August 13, 2021

ORDER

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is granted, effective March 15, 2016, subject to the laws and regulations governing the payment of monetary benefits.

FINDING OF FACT

Resolving reasonable doubt in the Veteran's favor, the most probative evidence of record demonstrates that the Veteran service-connected disabilities, particularly his lumbosacral strain with degenerative arthritis and lower extremities radiculopathy, rendered him incapable of securing and following a substantially gainful employment consistent with his education background and work history, effective March 15, 2016.

CONCLUSION OF LAW

The criteria for entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) have been met from March 15, 2016. 38 U.S.C. §§ 5103A, 5107, 5110; 38 C.F.R. §§ 3.102, 3.340, 3.341, 4.16, 3.400.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active duty service from March 1975 to March 1979. 

This appeal to the Board of Veterans' Appeals (Board) arose from a February 2018 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania. This matter was previously before the Board for a virtual hearing in January 2021. A transcript of the hearing has been associated with the Veteran's claims file.

TDIU Regulations 

Total disability ratings for compensation based on individual unemployability may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more disabilities, provided at least one disability is ratable at 40 percent or more, and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16 (a). Where these percentage requirements are not met, entitlement to the benefits on an extraschedular basis may be considered when the veteran is unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities. 38 C.F.R. § 4.16 (b), 3.321.

In this regard, a total disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340. If the total rating is based on a disability or combination of disabilities for which the Schedule for Rating Disabilities provides an evaluation of less than 100 percent, it must be determined that the service-connected disabilities are sufficient to produce unemployability without regard to advancing age. 38 C.F.R. § 3.341. 

VA will grant a TDIU when the evidence of record shows that a veteran is precluded, by reason of his service-connected disabilities, from securing and following "substantially gainful employment" consistent with his education and occupational experience. 38 C.F.R. §§ 3.340, 3.341, 4.16; VAOPGCPREC 75-91; 57 Fed. Reg. 2317 (1992). Applicable regulations place responsibility for the ultimate total disability rating based on individual unemployability determination on VA, not a medical examiner. Accordingly, it should now be clear that the ultimate issue of whether a TDIU claim should be awarded is not a medical issue but is a determination for the adjudicator. Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013). 

The question is whether the veteran is capable of performing the physical and mental acts required by employment, not whether the veteran can find employment. 38 C.F.R. § 4.16 (a); Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993). "Substantially gainful employment" is employment "which is ordinarily followed by the nondisabled to earn their livelihood with earnings common to the particular occupation in the community where the veteran resides." Moore v. Derwinski, 1 Vet. App. 356, 358 (1991). "Marginal employment shall not be considered substantially gainful employment." 38 C.F.R. § 4.16(a). Consideration may be given to the Veteran's level of education, special training, and previous work experience, but factors such as age or impairment caused by nonservice-connected disabilities are not to be considered. 38 C.F.R. §§ 3.341, 4.16, 4.19; Van Hoose, 4 Vet. App. at 363.

1. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) 

The Veteran asserts that he is unable to secure and follow substantially gainful employment because of his service-connected disabilities, particularly his low back disability. See, August 2016 VA 21-8940 Veterans Application for Increased Compensation Based on Unemployability. 

The Veteran is currently service connected for the following disabilities: 70 percent for major depressive disorder with anxious distress; 20 percent for lumbosacral strain with degenerative arthritis; 20 percent for radiculopathy, sciatic nerve, right lower extremity associated with lumbosacral strain with degenerative arthritis; 20 percent for radiculopathy, femoral nerve, right lower extremity associated with lumbosacral strain with degenerative; 10 percent for radiculopathy, sciatic nerve, left lower extremity associated with lumbosacral strain; 10 percent for radiculopathy, femoral nerve, left lower extremity associated with lumbosacral strain; and 0 percent for residual scar, lumbar spine associated with lumbosacral strain with degenerative arthritis. His current combined disability rating is 90 percent as of September 2, 2016. 

As an initial matter, the evidence of record reflects that the Veteran last participated in a substantially gainful occupation in July 2014, and his combined rating evaluation meets the schedular criteria for TDIU under 38 C.F.R. § 4.16 (a) since March 15, 2016, as the Veteran's TDIU claim was filed during the pendency of his increased rating lumbosacral strain with degenerative arthritis disability, which was filed on that date. As of March 15, 2016, the Veteran's combined rating for his low back disability and associated radiculopathy was 60 percent. In this regard, the Board notes that although the RO initially determined in July 2016 that the Veteran's combined rating was 50 percent, later in November 2016 and thereafter, it correctly noted that the combined rating was 60 percent, effective from March 15, 2016. Since these disabilities stem from the same in-service injury (noted as all secondary to his low back disability), they can be combined for the purpose of being "one" disability which is rated at 60 percent. 

The Veteran filed a formal claim for a TDIU in August 2016, reporting that his last employment was in August 2011; and then in December 2016, he submitted an updated VA Form 21-8940, reporting that he last worked (parttime) in July 2014. The record reflects that the Veteran is a high school graduate who completed two semesters of college before joining the Army, and he has had no other specialized and/or vocational training. After his military separation, he started working in the cable television industry and did so for an extensive period, and subsequently attained a supervisory position, until August 2011, when he last worked full time. The Veteran subsequently worked part time as maintenance worker (2013) and a bank teller (2014), which was his last employment of record. 

As such, the question before the Board is whether the most probative evidence of record reflects that his service-connected disabilities, acting alone or in concert, rendered him incapable of securing or following a substantially gainful occupation at any time from March 15, 2016 (when he filed his increased rating claim for his low back disability), to the present. With the above in mind, the Board observes that, in Hatlestad v. Derwinski, 5 Vet. App. 524, 529 (1993), the Court held that the central inquiry in determining whether a veteran is entitled to a TDIU is whether his or her service-connected disabilities, alone, are of sufficient severity to produce unemployability. Factors to be considered are the Veteran's "education, employment history and vocational attainment." See 38 C.F.R. § 4.16. 

For the reasons discussed below, the Board finds that entitlement to TDIU, effective March 15, 2016, is warranted in this case. First, the Board notes that the RO primarily relied on the VA examiners' respective findings, that although the Veteran's service-connected disabilities moderately impact his ability to work, they did not preclude employment, thus finding that he was capable of substantially gainful employment. The Board disagrees with the RO's determination. 

In October 2017, during the Veteran's peripheral nerves condition examination for the Veteran's service-connected lumbar radiculopathy, the Veteran reported that he was unable to sit, stand or walk for more than 15 minutes without changing position or stopping due to his ongoing pain. The examiner reported that the Veteran uses a cane occasionally for stability and acknowledged that the Veteran's low back disability impacted his ability to work. 

However, the Board notes that this examiner did not provide concrete facts and supporting medical explanation regarding the determination that the Veteran's disabilities did not impact his ability to work or the level of impact, especially in light of the Veteran's report of his functional loss, which the October 2017 examiner acknowledged was consistent with the examination. Consequently, the Board finds this aspect of this cited VA examiner's report inadequate, and thus assigns it low probative weight.

During the Veteran's October 2017 Mental Disorders examination, the Veteran reported that he feels depressed most of the day, nearly every day; that he has lost interest in almost all activities; that he has insomnia; and additionally, that he has a great deal of anxiety, sometimes resulting in panic attacks, and manifesting in physiological symptoms of an accelerated heart rate, sweating, and dyspnea. The examiner reported that the Veteran's depression is the result of his chronic pain from his service-connected conditions which include: lumbosacral strain, radiculopathy of bilateral sciatic nerves of the lower extremities, and the bilateral femoral nerves of the lower extremities, and also because he is unable to perform physical duties or activities. 

This examiner also noted that the overall effect of these symptoms on work-related tasks of interpersonal relatedness is moderate impairment of the Veteran's ability to work cooperatively and effectively with coworkers, supervisors, and the public. Further, that the Veteran has difficulty concentrating and that he is hypervigilant; that the Veteran's sleep deprivation also contributes to difficulty concentrating and affect his attention and memory, and that all of these symptoms impair the Veteran's ability to understand, follow and retain instructions to a moderate degree. Notwithstanding these findings, the examiner determined that the Veteran's level of occupational and social impairment is best summarized as occupational and social impairment with reduced reliability and productivity. 

Although the October 2017 VA examiner did not find that the Veteran was "totally disabled," the evidence clearly supports that given the nature of the Veteran's occupational background and expertise, which required him to sit at a desk for specific periods of time, he would have been unable to sit, stand or walk for more than 15 minutes without changing position or stopping due to his ongoing pain from his lower extremity radiculopathy and back disabilities, consistent with the Veteran's report. 

Further, during his Board hearing in January 2021, the Veteran also consistently testified that his last full time employment was as of August of 2011, as a Director at a cable company, but that he was no longer able to sit for a long period of time, he could not stand for longer than one-half hour, and that he had to miss work several times and was eventually let go. The Veteran also reported that that he subsequently had back surgery in July 2012 which provided temporary relief which enabled him to find part time work, but that he later continued experiencing severe back and radicular pain down his lower legs, and eventually had to seek ongoing pain management treatment. The Board notes that Veteran's medical records includes weekly/bi-weekly pain management therapy appointments in 2015 and 2016. See, August 2016 VAMC Other Output.

The Veteran's Social Security Administration records also reflect that he has been receiving SSI benefits for his lumbar disability since February 2016, based on the Veteran's status post laminectomy and lumbar fusion, impaired sensation to the right thigh and including injections at L1 - S5, which though not dispositive, indicates the level of severity of his low back disability around the time he filed for his increased rating claim in March 2016. 

Further, the Veteran was granted service connection for major depressive disorder with an initial 70 percent rating, effective September 2016, with the examiner acknowledging that among other factors, that the Veteran could not remain focus and pay attention to detail, which is a requirement of any job. As such, it would have been very difficult for the Veteran to maintain his employment throughout the appeal period, due to both his physical and mental disabilities, particularly in light of the Veteran's credible report that he was unable to sit, stand or walk for more than 15 minutes without changing position or stopping due to his ongoing pain from his lower extremity radiculopathy and back disabilities. 

In summary, the Board finds that when the evidence of record is viewed holistically, it reflects that the Veteran became incapable of obtaining or sustaining employment on March 15, 2016, when he filed his increasing rating claim for his low back disability. 

Therefore, the Board will give the Veteran the benefit of the doubt and conclude that he was unemployable due to his service-connected disabilities, particularly his lumbosacral strain with degenerative arthritis and lower extremities radiculopathy, during the entire appeal period. Accordingly, the Board finds that entitlement to TDIU, effective March 15, 2016, is warranted. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

 

 

Michael J. Skaltsounis

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J.B. King, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.